**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SHIRLEY D. LETT,                    :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :        CIVIL ACTION NO.
                                    :        1:13-CV-2055-RWS
BANK OF AMERICA, N.A., *et*         :
*al.*,                              :
                                    :
        Defendants.                 :

## <u>ORDER</u>

This case comes before the Court on Defendant Shuping, Morse & Ross,

L.L.P.'s Motion to Dismiss [3], Defendant Bank of America, N.A.'s Motion to

Dismiss [7], and Plaintiff's Motion to Remand [9].  After reviewing the record,

the Court enters the following Order.

### Background

On May 17, 2005, Plaintiff Shirley D. Lett obtained a mortgage loan

from Aegis Mortgage Company ("Aegis") in the amount of $636,000.00.

(Compl., Dkt. [1-1] ¶ 2.)  To secure the loan, Plaintiff granted her property

located at 456 North Saint Mary's Lane, Marietta, Georgia, to Mortgage

Electronic Registration Systems, Inc. ("MERS"), and its successors and assigns,

AO 72A
(Rev.8/82)

as nominee for Aegis.  (Security Deed, Dkt. [1-1] at 38.)  MERS subsequently assigned the Security Deed to Bank of New York Mellon, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-27, Mortgage Pass-Through Certificates Series 2005-27 ("BONY").  (Compl., Dkt. [1-1] ¶ 16.)  In the meantime, Aegis had filed for bankruptcy.  (Id. ¶ 17.) Plaintiff contends that MERS never had authority to assign the Security Deed because it was acting solely as nominee for Aegis.  (Id. ¶¶ 16-17.)  Furthermore, she alleges that BONY was never assigned the Note and thus has no rights under the Note or Security Deed.

Defendant Shuping, Morse & Ross, L.L.P. ("Shuping") sent Plaintiff a Notice of Sale Under Power on May 1, 2013, on behalf of Defendant Bank of America, N.A. ("BANA"), BONY's loan servicer.  (Id. ¶ 33.)  Plaintiff alleges that she "was not in default in her payments at the time she was sent the Notice of Sale initiating foreclosure."  (Id. ¶ 37.)  Rather, she contends that BANA "misplaced" her payments, "creating and inducing a delinquency and default." (Id. ¶ 44.)  Plaintiff accuses BANA of "abusive and fraudulent servicing practices" because it imposed fraudulent servicing fees and late charges even

2

though she made her monthly payments.  (Id.)  No foreclosure sale has yet taken place.  (Pl.'s Resp., Dkt. [8] at 20.)

On May 17, 2013, Plaintiff filed this action against Defendants for various claims based on their conspiracy to attempt to foreclose on her property. (Id. ¶ 65.)  She claims that Shuping, as foreclosure counsel, was aware that there were no valid assignments to BONY of Plaintiff's Note or Security Deed, and yet Shuping sent her a Notice of Sale that falsely informed her that BANA was the entity with full authority to amend or modify the terms of her loan.  (Id. ¶ 48.)  She alleges that Shuping also knew or should have known that she was not in default when it prepared the Notice and sent it to the Marietta Daily Journal for publication.  (Id.; Notice, Dkt. [1-1] at 58.)

Defendants removed this action to federal court on June 19, 2013, on the basis of diversity jurisdiction.  Defendant Shuping filed its Motion to Dismiss [3] on June 25, 2013, and all other Defendants filed their Motion to Dismiss [7] the following day.  Plaintiff then filed a Motion to Remand [9] on July 9, 2013, contending that the Court lacks subject matter jurisdiction over this action because the parties are not completely diverse.

3

## Discussion

The Court first addresses Plaintiff's Motion to Remand [9] because it implicates the Court's subject matter jurisdiction.  "A removing defendant bears the burden of proving proper federal jurisdiction."  <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotations and citations omitted).  The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant or the defendants . . . to the district court . . . where such action is pending."  28 U.S.C. § 1441(a).  Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed by the defendant."  <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  "Federal jurisdiction can be based on either: (1) a federal question or (2) diversity of citizenship and an amount in controversy exceeding $75,000.00."  <u>Ayers ex rel. Strugnell v. Beaver</u>, 48 F. Supp. 2d 1335, 1338 (M.D. Fla. 1999); <u>see also</u> 28 U.S.C. § 1332(a).

Here, Plaintiff argues that subject matter jurisdiction based on diversity is lacking because there is both a Georgia defendant and a Georgia plaintiff in the case.  Defendants counter that Shuping, the sole Georgia defendant, is

4

fraudulently joined and should be disregarded for purposes of diversity jurisdiction.

"Diversity jurisdiction, as a general rule, requires complete diversity— every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citations omitted). As master of her own complaint, a plaintiff may join such claims and parties in a single suit as are permitted under the law and the Federal Rules of Civil Procedure. Of course, a plaintiff's decision to join a non-diverse party has repercussions for purposes of removal jurisdiction. However, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

"The burden of establishing fraudulent joinder is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "[T]he removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)

5

(citation omitted).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  Id. (citation omitted).  The remand question thus turns on whether there is any possibility that Plaintiff could state a claim against Shuping under Georgia law.

Plaintiff alleges that Shuping knew, among other things, that she was not in default at the time Defendants commenced foreclosure proceedings.  She explains that BANA "misplaced" her monthly payments when it cashed her checks and then notified her months later that it had not received her full payments.  (Compl., Dkt. [1-1] ¶¶ 37-44.)  Defendants contend that Plaintiff's Complaint "shows that she is truly challenging the fact that late fees, interest, and other servicing charges were applied to her account."  (Defs.' Br., Dkt. [3-1] at 7.)  The Court declines to infer from these allegations that she was in fact in default.  Accepting Plaintiff's allegations as true, and in light of the leniency afforded *pro se* litigants' pleadings, the Court infers that she made all her monthly payments but that BANA misapplied her payments by imposing fraudulent fees, as she repeatedly alleges, and that she was not in default.

6

Attempting foreclosure in the absence of default creates a cause of action against the holder of the Security Deed exercising the power of sale.  Generally, however, a law firm retained as foreclosure counsel owes no duty to a mortgagor.  See Vieira v. Citigroup, Inc., No. 1:12-CV-1636-TWT, 2012 WL 6194350, at *5 (N.G. Ga. 2012) (citing McKenna Long & Aldridge, LLP v. Keller, 598 S.E.2d 892, 894-95 (Ga. Ct. App. 2004))).  Absent any showing of independent tortious conduct on the part of a law firm, a plaintiff cannot hold a law firm liable for the client's alleged wrongful foreclosure.  See McCarter v. Bankers Trust Co., 543 S.E.2d 755, 757 (Ga. Ct. App. 2000) (noting that an agent may be liable "for his own tortious act, whether acting by command of his principal or not, he shall be responsible" (quoting O.C.G.A. § 10-6-85)).

In this case, however, Plaintiff alleges that Shuping knew she was not in default yet proceeded to initiate foreclosure proceedings by preparing a Notice of Sale.  (Compl., Dkt. [1-1] ¶ 48.)  Plaintiff attached the Notice to her Complaint, which includes a copy of a letter from Shuping to the Marietta Daily Journal requesting publication of the Notice of Sale.  (Notice, Dkt. [1-1] at 58.)  Liberally construing Plaintiff's Complaint, a Georgia court could find that Plaintiff has stated a slander of title claim, under which "the plaintiff must

7

allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that [she] sustained special damage thereby; and that [she] possessed an estate in the property slandered." <u>Latson v. Boaz</u>, 598 S.E.2d 485, 487 (Ga. 2004) (citing <u>Amador v. Thomas</u>, 578 S.E.2d 537, 540 (Ga. Ct. App. 2003)); <u>see also</u> O.C.G.A. § 51-9-11 (creating a cause of action for slander of title).

In her Complaint and attachments, Plaintiff contends that Shuping falsely published that she was in default, that Defendants conspired to wrongfully foreclose on her property, that she was not in default and thus still had an estate in the property, and that she incurred damages.  Plaintiff's allegations arguably show that Shuping committed independent tortious conduct.  On these facts, Defendants fail to carry their heavy burden of showing no possibility that a state court could find that Plaintiff has stated a viable claim.  But whether she has in fact adequately stated a claim under Georgia's pleading standards is a question for a Georgia state court.  <u>See</u> <u>Stillwell v. Allstate Ins. Co.</u>, 663 F.3d 1329, 1333 (11th Cir. 2011) (stating that "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law" (quoting <u>Crowe</u>, 113 F.3d at 1538)).  Therefore, Shuping has not been

fraudulently joined, and the Court lacks subject matter jurisdiction.

Accordingly, Plaintiff's Motion to Remand [9] is due to be **GRANTED**.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand [9] is

**GRANTED**.  The Clerk is **DIRECTED** to **REMAND** the case to the Superior

Court of Cobb County.

**SO ORDERED**, this  _27th_  day of February, 2014.


**RICHARD W. STORY**
United States District Judge

9